Misty Perry Isaacson, CA SBN 193204
**PAGTER AND PERRY ISAACSON**
1851 E. First St., Suite 700
Santa Ana, California 92705
Telephone: (714) 541-6072
Facsimile:   (714) 541-6897
Email: misty@ppilawyers.com

Attorneys for Secured Creditor,
James Nickell and Anna Marie Nickell,
Trustees of the James & Anna Marie
Nickell Family Revocable Trust dated
3/2/2012

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GERALD LEVI BRADFORD,<br><br><div align="right">Debtor.</div> | Case No.: 8:23-bk-11501-MH<br><br>Chapter 13<br><br>OBJECTION BY JAMES & ANNA MARIE NICKELL, TRUSTEES OF THE JAMES & ANNA MARIE NICKELL FAMILY REVOCABLE TRUST TO DEBTOR'S CHAPTER 13 PLAN FILED ON AUGUST 8, 2023 [DOCKET NO. 11]; DECLARATION OF MISTY PERRY ISAACSON IN SUPPORT THEREOF<br><br>**<u>Confirmation Hearing</u>**<br><br>Date:   October 19, 2023<br>Time:  10:30 a.m.<br>Ctrm:  6C<br>Place: 411 W. Fourth St.<br>            Santa Ana, CA 92701 |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND THE CHAPTER 13 TRUSTEE:**

James Nickell and Anna Marie Nickell, Trustees of the James & Anna Marie Nickell Family Revocable Trust Dated 3/2/2012 (collectively "Nickells"), oversecured creditor in the above-captioned matter, files its objection to the confirmation of debtor, Gerald Levi Bradford's ("Debtor") Chapter 13 Plan (the "Plan) filed on August 8, 2023 [Doc. No. 11] on the grounds that

the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

Nickells' claim is secured by a note and deed of trust in the amount of $315,532.39 as of the petition date, which encumbers the Debtor's real property located at 4441 E. Irvington Rd., Tucson, AZ 85714 ("Real Property").  Nickells object to the Debtor's Plan as: (1) the Debtor has failed to show that it is feasible [11 U.S.C. § 1325(a)(6)]; (2) and Nickells do not accept their current treatment under the Plan [11 U.S.C. § 1325(a)(5)]; and (3) the Debtor has failed to file his Federal and State tax returns [11 U.S.C. §§ 1325(a)(9) and 1308].

## I. STATEMENT OF FACTS

1.    Prior to the filing of the instant case, on September 23, 2021, for value received, Debtor made and delivered to Nickells, as payee, a promissory note ("Note") in the principal sum of $400,000 with interest from said date on unpaid principal at the initial rate of three percent (3%) per annum, with principal and interest payable monthly according to its terms, commencing on or about November 15, 2021, with the Note all due and payable on October 15, 2025. Upon the Debtor's default of the Note, the initial interest rate of three percent (3%) per annum, increased to a default interest rate of eight percent (8%) per annum.

2.    At the time the Note was executed, as part of the same transaction and for the purpose of securing the Note, Debtor executed a deed of trust ("Deed of Trust") of the same date on the Real Property. The Deed of Trust was recorded on September 29, 2021, in the office of the County Recorder of Pima County, Arizona [Instrument No. 20212720357].

3.    On the petition date, the total amount due and owing to Nickells was $315,532.39. Nickells filed their proof of claim indicating the same on August 25, 2023 [Claim No. 5].  Nickells' proof of claim further indicates that the pre-petition defaulted payments and costs due to them by the Debtor were $76,955.50.   A copy of Nickells' proof of claim is attached hereto as Exhibit 1.

4.    The Debtor's Plan provides for monthly payments to the Trustee in the amounts of $2,214 per month for months 1 – 60 ("Plan Payment").  From the Plan Payment the Debtor

proposes to pay Nickells $1,928.67 per month for sixty months with 0% interest. General

Unsecured creditors are to receive a 100% dividend on total claims estimated at $51,169.41.

5.      Debtor testified at his § 341(a) that at a minimum he has failed to file his Federal

and State tax returns for the taxable period ending during the 4-year period prior to the Petition

Date.

## II. <u>LEGAL ARGUMENT</u>

A bankruptcy court cannot confirm a plan that fails to comply with the applicable

provisions of the Bankruptcy Code.  11 U.S.C. § 1325(a)(1).  As the plan proponent, the Debtor

has the burden of proving that the Plan satisfies all requirements of the Bankruptcy Code.  *In re

Hill*, 268 B.R. 548, 552 (9th Cir. BAP 2001).

### A.      <u>The Debtor's Plan Fails to Provide for the Payoff of Nickell's Secured Claim</u>

In order to confirm a Chapter 13 plan, an individual debtor's plan must accommodate

each allowed, secured creditor in one of three ways: (1) by obtaining the creditor's acceptance of

the plan; (2) by surrendering the property securing the claim; or (3) by providing the creditor both

a lien securing the claim and a promise of future property distributions in equal monthly amounts

(such as deferred cash payments) whose total "value, as of the effective date of the plan, ... is

not less than the allowed amount of such claim." The third alternative is commonly known as the

"cram down option" because it may be enforced over a claim holder's objection.  11 U.S.C. §

1325(a)(5); *Till v. SCS Credit Corp.*, 541 U.S. 465, 468–69, (2004), citing *Associates

Commercial Corp. v. Rash,* 520 U.S. 953, 957 (1997).

The Debtor's Plan fails to provide for the payoff of the Note and Deed of Trust that will

became all due and payable on October 15, 2023 (approximately 27 months into the Plan).

Should the Debtor choose to cram down Nickells' secured claim over the 60-month duration of

the Plan, he would also be required to pay the claim with interest.  The interest rate chosen must

ensure that Nickells receives the present value of their secured claim through the payments

contemplated by the Plan. *Till,* 541 U.S. at 469.  In *Till*, a plurality endorsed the "formula

approach" for calculating the appropriate interest rate, which begins with the national prime rate[1]

and adjusts up or down according to the risk of the plan's success.  Id. at 478-479.  The Debtor's

current Plan does not provide for **ANY** interest to Nickells.

### B.    The Debtor's Plan is not Feasible

Under the feasibility standard of 11 U.S.C. § 1325(a)(6), the Court may not approve a

plan unless, after considering all creditor's objections and receiving the advice of the trustee, the

judge is convinced that the debtor will be able to make all payments under the plan and to

comply with the plan.  *Till v. SCS Credit Corp.,* 541 U.S. 465, 480 (2004).  In order to

demonstrate feasibility, Chapter 13 debtors must show that their plan has a "reasonable chance

of success." *In re Bassett,* 413 B.R. 778, 788 (Bankr.D.Mont.2009) (citing *In re Hungerford,* 2001

WL 36211305 at *8 (Bankr.D.Mont. Mar.22, 2001)).

The Debtor's Plan as proposed does not provide sufficient payment to retire Nickells'

secured claim totaling $315,532.39 by October 15, 2023, as required by the Note and Deed of

Trust.  Even if the Debtor were to amend his Plan to provide for the balance owing to Nickells

over a period of five years, assuming a cram down interest rate of 11.5% (Prime rate of 8.5%

plus 3%) the Debtor would be required to make a payment to Nickell in the amount of $7,400.30

per month.  This would require a plan payment of no less than $8,222.55 per month to cover

Nickell's claim and the Trustee's statutory fee.  However, this does not take into account the

recently filed claim of Judy A. Camarena ("Camarena") [Claim No. 6].

On September 6, 2023, Camarena filed her proof of claim indicating that she holds a

secured claim in the amount of $275,974.17 and a priority claim in the amount of $94,486.

Camarena was not listed in the Debtor's Schedules or provided for in his Plan.  As Camarena's

claim must also be paid in full over the plan duration, the Debtor does not have sufficient

disposable income to pay in full both the Nickell and Camarena claims.  As such, Nickells

submits that the Debtor's Plan is infeasible as proposed and cannot be confirmed.

---

[1] As of July 27, 2023, the Prime Rate is 8.5%

PPI Law
1851 E. First St.
Suite 700
Santa Ana, CA 92705
(714) 541-6072

### III. CONCLUSION

For the reasons set forth herein, the Debtor's Chapter 13 Plan cannot be confirmed as filed.  Nickells respectfully requests that Debtor's Chapter 13 Plan be denied confirmation, that the case be dismissed, and for such other relief as this Court deems proper.

Date: September 7, 2023        **PAGTER AND PERRY ISAACSON**

                                                /s/ Misty Perry Isaacson
                            By: _____
                                    Misty Perry Isaacson, Attorneys for
                                    James Nickell and Anna Marie Nickell,
                                    Trustees of the James & Anna Marie Nickell Family
                                    Revocable Trustee dated 3/2/2012

## DECLARATION OF MISTY PERRY ISAACSON

I, Misty Perry Isaacson, declare:

1.      I an attorney with the law firm of Pagter and Perry Isaacson, Counsel to secured creditor James Nickell and Anna Marie Nickell, Trustees of the James & Anna Marie Nickell Family Revocable Trust dated 3/2/2012 ("Nickells").  I am over 18 years of age and have personal knowledge of the matters set forth in this declaration, except those stated upon information and belief, and as to all such facts stated upon information and belief, I am informed and believe that the same are true. If called to testify, I could and would competently testify thereto.

2.      On August 25, 2023 Nickells filed a proof of claim [Claim No. 5] indicating that on the petition date, the total amount due and owing them was $315,532.39.  Nickells' proof of claim further indicates that the pre-petition defaulted payments and costs due to them by the Debtor were $76,955.50.   A true and correct copy of Nickells' proof of claim is attached hereto as Exhibit 1.

3.      Debtor testified at his § 341(a) that at a minimum he has failed to file his Federal and State tax returns for the taxable period ending during the 4-year period prior to the Petition Date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 7, 2023 at Santa Ana, California.

/s/ Misty Perry Isaacson
_____
Misty Perry Isaacson

PPI Law
1851 E. First St.
Suite 700
Santa Ana, CA 92705
(714) 541-6072

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | GERALD LEVI BRADFORD |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:23-bk-11501-MH |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

James & Anna Marie Nickell Family Revocable Trust dated 3/2/2012
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

James & Anna Marie Nickell
Name

3292 E. Table Mountain Rd.
Number        Street

Tucson              AZ          85718
City                State        ZIP Code

Contact phone  c/o Misty Isaacson 714-541-6072

Contact email  misty@ppilawyers.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**Where should payments to the creditor be sent?** (if different)

Name

Number        Street

City                State        ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

EXHIBIT 1
7

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

**7. How much is the claim?**

$_____ 315,532.39    **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Note and Deed of Trust

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**    Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**    $_____ 315,532.39

**Amount of the claim that is unsecured:**  $_____ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____ 76,955.50

**Annual Interest Rate** (when case was filed) ___ 8.00 %

☑ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

EXHIBIT 1

8

| Official Form 410 | Proof of Claim | page 2 |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ **Yes.** Check one: | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08 / 25 / 2023
              MM / DD / YYYY

_James C. Nickell_
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | James  Nickell | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | c/o Misty Perry Isaacson of Pagter and Perry Isaacson | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1851 E. First Street, Suite 700 | | |
| | Number        Street | | |
| | Santa Ana, | CA | 92705 |
| | City | State | ZIP Code |
| Contact phone | 714-541-6072 | Email  misty@ppilawyers.com | |

EXHIBIT 1
9

### Attachment to Proof of Claim
### In re Gerald Levi Bradford (Case No. 8:23-bk-11501-MH)

| | | |
|---|---|---|
| **Principal** | = | $298,313.78 |
| **Regular Interest @ 3%** | = | $5,465.66 |
| **Default Interest @ 8%** | = | $6,537.60 |
| **Late Fees** | = | $700.00 |
| **Costs** | = | $4,515.35 |
| **Total** | = | **$315,532.39*** |

### Arrearage Balance

| | | |
|---|---|---|
| **Defaulted Payments** <br> 7 at $9,314.65 (includes impound) | = | $65,202.55 |
| **Default Interest** | = | $6,537.60 |
| **Late Fees** | = | $700.00 |
| **Costs** | = | $4,515.35 |
| **Total** | = | **$76,955.50** |

**\*Note is all due and payable on October 15, 2025**

EXHIBIT 1
10

# PROMISSORY NOTE SECURED BY DEED OF TRUST

$400,000.00

Tucson, Arizona
September 23, 2021

FOR VALUE RECEIVED, the undersigned jointly and severally, promise(s) to pay James & Anna Marie Nickell Family Revocable Trust created by Agreement dated 3/2/2012or order, at Stewart Title & Trust of Tucson-3939 E Broadway Blvd., Tucson, AZ 85711 , the sum of Four Hundred Thousand Dollars and No Cents ($400,000.00) payable as follows:

With interest from 10/15/2021 on the unpaid principal at the rate of (3) THREE PERCENT PER ANNUM:  Principal and interest payable in monthly installments of $8,853.73 or more, on or before the 15th day of each calendar month, beginning 11/15/2021 and continuing until principal and interest have been paid in full.  Each payment shall be credited first on the interest then due and the remainder thereof on the principal sum, and interest shall thereupon cease upon the amount so paid upon the principal sum.

Said payments to continue until the 15th day of October, 2025, at which time the entire balance, principal and accrued interest, shall be due and payable in full.

There shall be a late charge assessed in the amount of $100.00 on any payment received by the Loan Servicing Agent more than (10) ten days in arrears.

If payment(s) are at least thirty (30) days past due, then the principal balance shall bear interest at a default rate of 5% over the interest rate of this Note as stated herein. Said default rate shall begin on the 31st day following the due date of the payment(s) until payment(s) are brought current. Payments are first applied to accrued interest and penalties, then to principal.

In addition to and to be paid concurrently with said monthly payment, the Payors agree to pay the amount of the monthly impoundments as determined by the Loan Servicing Agent from time to time.  Said monthly impoundments consist of 1/12th of the estimated annual real estate taxes and 1/12th of the annual insurance premium.

Should the Trustor herein sell, convey, transfer or assign all or any portion of their interest in subject property, the entire remaining principal balance of the note secured hereby, together with interest due hereon shall immediately be due and payable in full.

Principal and interest payable in lawful money of the United States of America.

If default occurs in the payment of any installment of principal or interest under this Note when due, or in the  performance of any agreements contained in the Deed of Trust securing this Note, the entire principal sum and accrued interest shall at once become due and payable, without notice, at the option of the holder of this Note.  Failure to exercise such option shall not constitute a waiver of the right to exercise it in the event of any subsequent default.

The undersigned jointly and severally agree to pay the following costs, expenses and attorney's fees paid or incurred by the holder of this Note, or adjudged by a court; (1) reasonable costs of collection, costs and expenses and attorney's fees paid or incurred in connection with the collection of this Note, whether or not suit is filed, and (2) costs of suit and such sum as the court may adjudge as attorney's fees in any action to enforce payment of this Note or any part of it.

This Note is secured by a Deed of Trust to Stewart Title & Trust of Tucson, an Arizona corporation, as Trustee, of even date herewith, executed in favor of the named payee as beneficiary.

The undersigned jointly and severally waive presentment, notice of dishonor, notice of protest, demand and diligence

**DO NOT DESTROY THIS NOTE**

Do Not Destroy this Original Note:  When paid, this Original Note together with the Deed of Trust securing same, must be surrendered to Trustee for Cancellation and retention before reconveyance will be made.

EXHIBIT 1
11

Page 1 of 2

_____
Gerald Levi Bradford

**DO NOT DESTROY THIS NOTE**

Do Not Destroy this Original Note:  When paid, this Original Note together with the Deed of Trust securing same, must be surrendered to Trustee for Cancellation and retention before reconveyance will be made.

Page 2 of 2

**EXHIBIT 1**

American Land Title Association

ESTIMATED ALTA Settlement Statement - Combined
Adopted 05-01-2015

File No./Escrow No.:   1406731
Officer/Escrow Officer: Mary P Lancaster

**Stewart Title & Trust of Tucson**
**3939 E. Broadway Blvd**
**Tucson, AZ 85711**
**(520) 327-7373**

Property Address:     4441 E IRVINGTON ROAD
                      TUCSON, AZ 85714 (PIMA)
                      (132-25-150A)

Borrower:             GERALD LEVI BRADFORD
                      27211 Pueblonuevo Dr
                      Mission Viejo, CA 92691

Seller:               JAMES NICKELL AND ANNA MARIA NICKELL, AS TRUSTEES OF THE JAMES & ANNA MARIE
                      NICKELL FAMILY REVOCABLE TRUST DATED MARCH 2, 2012
                      3292 E Table Mountain Rd
                      Tucson, AZ 85718

Lender:               Seller Financed

Settlement Date:      9/29/2021
Disbursement Date:    9/29/2021

| Seller | | | Description | Borrower | | |
|---|---|---|---|---|---|---|
| P.O.C. | Debit | Credit | | P.O.C. | Debit | Credit |
| | | | **Deposits, Credits, Debits** | | | |
| | | $500,000.00 | Contract sales price | | $500,000.00 | |
| | | | Deposit or Earnest Money | | | $25,000.00 |
| | | $533.33 | Prepaid interest from 9/29 to 10/15/21 @ $33.33 per day | | $533.33 | |
| | $400,000.00 | | Note and Deed of Trust carryback to James Nickell and Anna Maria Nickell, as Trustees of the James & Anna Marie Nickell Family Revocable Trust dated | | | |
| | | | Earnest money retained by | | | |
| | | | Disbursed as proceeds ($25,000.00) | | | |
| | | | **Prorations** | | | |
| | $607.82 | | County taxes 7/1/2021 to 9/29/2021 @ $2,465.05/Year | | | $607.82 |
| | | | **Commissions** | | | |
| | $15,000.00 to Hartman Commercial RE | | | | | |
| | $15,000.00 to Hartman Commercial RE | | | | | |
| | $30,000.00 | | Commission paid at Settlement | | | |
| | | | **New Loans** | | | |
| | | | Principal amount of new loan | | | $400,000.00 |
| | | | Hazard Insurance Premium for 12 months to Firefly Agency, LLC | | $2,826.00 | |
| | | | Hazard insurance 1 months @ $235.50 per month | | $235.50 | |
| | | | County property taxes 1 months @ $205.43 per month | | $205.43 | |
| | | | **Title Charges** | | | |
| | | | Lender's coverage $400,000.00 Premium $100.00 to Stewart Title & Trust of Tucson | | $100.00 | |
| | $1,953.00 | | Owner's coverage $500,000.00 Premium $1,953.00 to Stewart Title & Trust of Tucson | | | |
| | $489.50 | | Settlement or closing fee to Stewart Title & Trust of Tucson | | $489.50 | |

File # 1406731

Printed on 9/28/2021 at 10:15 AM

| | | | | | P.O.C. | Debit | Credit |
|---|---|---|---|---|---|---|---|
| | $25.00 | | Wire ... Stewart Title & Trust of Tucson | | | | $20.00 |
| | | | **Government Recording and Transfer Charges** | | | | |
| | $15.00 | | Recording fees: Deed $30.00 | | | | $15.00 |
| | | | Mortgage $30.00 | | | | $30.00 |
| | | | **Additional Settlement Charges** | | | | |
| | $1,232.53 | | Payment of 1st 2021 taxes #132-25-150A to Pima County Treasurer | | | | |
| | | | Account Servicing Set Up Fee to Stewart Title A/S | | | | $175.00 |

| Seller | | | | Borrower | | |
|---|---|---|---|---|---|---|
| P.O.C. | Debit | Credit | | P.O.C. | Debit | Credit |
| $0.00 | $434,322.85 | $500,533.33 | **Subtotals** | $0.00 | $504,629.76 | $425,607.82 |
| | | | Due From Borrower | | | $79,021.94 |
| | $66,210.48 | | Due To Seller | | | |
| $0.00 | $500,533.33 | $500,533.33 | **Totals** | $0.00 | $504,629.76 | $504,629.76 |

---

## Acknowledgement

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize Stewart Title & Trust of Tucson to cause the funds to be disbursed in accordance with this statement.

**BORROWER(S)**

_____

GERALD LEVI BRADFORD

**SELLER(S)**

James & Anna Marie Nickell Family Revocable Trust created by Agreement dated March 2, 2012

By: _James Nickell_ Date: 9/28/21
James Nickell, Trustee

By: _Anna M. Nickell_ Date: 9/28/2021
Anna Maria Nickell, Trustee

**SETTLEMENT COORDINATOR**

_____

Mary P Lancaster

File # 1406731

EXHIBIT 1
14

Printed on 9/28/2021 at 10:15 AM

RECORDING REQUESTED BY:
*Stewart Title & Trust of Tucson*

WHEN RECORDED MAIL TO:
Stewart Title & Trust of Tucson - Broadway
3939 E. Broadway Blvd
Tucson, AZ 85711

FILE NO.: 1406731

NCE: 20212720357
No. Pages: 5
9/29/2021  12:26 PM

GABRIELLA CÁZARES-KELLY, RECORDER
Recorded By: NMA(e-recording)

SPACE ABOVE THIS LINE FOR RECORDERS USE

## DEED OF TRUST AND ASSIGNMENT OF RENTS

Date: September 23, 2021

TRUSTOR:

**Gerald Levi Bradford, a single man**

whose mailing address is 27211 Pueblonuevo Dr, Mission Viejo, CA 92691

TRUSTEE:

**Stewart Title & Trust of Tucson, an Arizona Corporation**

whose mailing address is 3939 E. Broadway, Tucson, AZ 85711

BENEFICIARY:

**James Nickell and Anna Maria Nickell, as Trustees of the James & Anna Marie Nickell Family Revocable Trust dated** March 2, 2021.

whose mailing address is: 3292 E Table Mountain Rd., Tucson, AZ 85718

Property situated in the County of **Pima,** State of Arizona, described as follows:

Lots 43 and 44 of MICHIANA ADDITION, a subdivision of Pima County, Arizona, as set forth in the office of the Pima County Recorder in Book 14 of Maps at page 74.

Together with all buildings, improvements and fixtures thereon or hereinafter erected thereon.
Street Address, if any, or identifiable location of this property:
**4441 E Irvington Road, Tucson, AZ 85714**

**THIS DEED OF TRUST**, made on the above date by, between and among the TRUSTOR, TRUSTEE and BENEFICIARY above named.

**WITNESSETH:** That Trustor hereby irrevocably grants, conveys, transfers and assigns to the Trustee in Trust, with Power of Sale, the above described real property (the Trust Property), together with leases, issues, profits, or income therefrom (all of which are hereinafter called "property income"): **SUBJECT**, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such property income.

**SUBJECT TO:** Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.

EXHIBIT 1
15

RECORDING REQUESTED BY:
Stewart Title & Trust of Tucson

WHEN RECORDED MAIL TO:
Stewart Title & Trust of Tucson – Broadway
3939 E. Broadway Blvd
Tucson, AZ  85711

FILE NO.:    1406731

SPACE ABOVE THIS LINE FOR RECORDERS USE

## DEED OF TRUST AND ASSIGNMENT OF RENTS

**Date:  September 23, 2021**

**TRUSTOR:**

**Gerald Levi Bradford, a single man**

whose mailing address is 27211 Pueblonuevo Dr, Mission Viejo, CA  92691

**TRUSTEE:**

**Stewart Title & Trust of Tucson, an Arizona Corporation**

whose mailing address is 3939 E. Broadway, Tucson, AZ  85711

**BENEFICIARY:**

**James Nickell and Anna Maria Nickell, as Trustees of the James & Anna Marie Nickell Family
Revocable Trust dated** March 2, 2021.

whose mailing address is:  3292 E Table Mountain Rd., Tucson, AZ  85718

Property situated in the County of **Pima,** State of Arizona, described as follows:

Lots 43 and 44 of MICHIANA ADDITION, a subdivision of Pima County, Arizona, as set forth in the office of the Pima
County Recorder in Book 14 of Maps at page 74.

Together with all buildings, improvements and fixtures thereon or hereinafter erected thereon.
Street Address, if any, or identifiable location of this property:
**4441 E Irvington Road, Tucson, AZ  85714**

**THIS DEED OF TRUST**, made on the above date by, between and among the TRUSTOR, TRUSTEE and
BENEFICIARY above named.

**WITNESSETH:**  That Trustor hereby irrevocably grants, conveys, transfers and assigns to the Trustee in Trust,
with Power of Sale, the above described real property (the Trust Property), together with leases, issues, profits,
or income therefrom (all of which are hereinafter called "property income"): **SUBJECT**, however, to the right,
power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such property
income.

**SUBJECT TO:**  Current taxes and other assessments, reservations in patents and all easements, rights of
way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of
record.

EXHIBIT 1
16

Gerald Levi Bradford

**DO NOT DESTROY THIS NOTE**

Do Not Destroy this Original Note: When paid, this Original Note together with the Deed of Trust securing same, must be surrendered to Trustee for Cancellation and retention before reconveyance will be made.

**EXHIBIT 1**

17

File No.: 1406731
Deed of Trust and Assignment of Rents – Continued
Page 3

5.  To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, together with interest from date of expenditure at the same rate as is provided for in the note or notes secured by this Deed of Trust or at the legal rate if it secures a contract or contracts other than a promissory note or notes. Any amounts so paid by Beneficiary or Trustee shall become a part of the debt secured by this Deed of Trust and a lien on said premises or immediately due and payable at option of Beneficiary or Trustee.

**IT IS MUTUALLY AGREED:**

6.  That any award of damages in connection with any condemnation or any such taking, or for injury to the property by reason of public use, or for damages for private trespass or injury thereto, is assigned and shall be paid to Beneficiary as further security for all obligations secured hereby (reserving unto the Trustor, however, the right to sue therefor and the ownership thereof subject to this Deed of Trust), and upon receipt of such moneys Beneficiary may hold the same as such further security, or apply or release the same in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7.  That time is of the essence of this Deed of Trust, and that by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8.  That at any time or from time to time, and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note(s) for endorsement, and without liability therefor, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, and without affecting the security hereof for the full amount secured hereby on all property remaining subject hereto, and without the necessity that any sum representing the value or any portion thereof of the property affected by the Trustee's action be credited on the indebtedness, the Trustee may:   (a) release and reconvey all or any part of said property; (b) consent to the making and recording, or either, of any map or plat of the property or any part thereof; (c) join in granting any easement thereon; (d) join in or consent to any extension agreement or any agreement subordinating the lien, encumbrance, or charge hereof.

9.  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said note(s) to Trustee for cancellation, and upon payment of its fees, Trustee shall release and reconvey, without covenant or warranty, express or implied, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

10.  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power, and authority, during the continuance of this Trust, to collect the property income, reserving to Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such property income as it becomes due and payable.  Upon any such default, Beneficiary may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such property income, including that past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.   The entering upon and taking possession of said property, the collection of such property income, and the application thereof as aforesaid, shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

EXHIBIT 1
18

File No.: 1406731
Deed of Trust and Assignment of Rents – Continued
Page 5

Executed this 29 day of September, 2021.

Trustor(s)

Gerald Levi Bradford

## NOTARY ACKNOWLEDGMENT(S) TO DEED OF TRUST
## AND ASSIGNMENT OF RENTS

State of Arizona                    )
                                    ) ss
County of Pima                      )

This instrument was acknowledged before me this 29 day of September, 2021 by Gerald Levi Bradford.

(Seal)

Mary Lancaster
Notary Public

My commission expires: 5/30/23

> MARY LANCASTER
> Notary Public - Arizona
> Pima County
> Commission # 564108
> My Commission Expires May 30, 2023

EXHIBIT 1
19

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA 92701**

A true and correct copy of the foregoing document entitled (*specify*): **PROOF OF CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **08/25/2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **Caroline Djang**    cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Richard L. Sturdevant**    rich@bwlawcenter.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/25/2023 | Misty Perry Isaacson | /s/ Misty Perry Isaacson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    EXHIBIT 1                    **F 9013-3.1.PROOF.SERVICE**
20

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA  92701**

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION BY JAMES & ANNA MARIE NICKELL, TRUSTEES OF THE JAMES & ANNA MARIE NICKELL FAMILY REVOCABLE TRUST TO DEBTOR'S CHAPTER 13 PLAN FILED ON AUGUST 8, 2023 [DOCKET NO. 11]; DECLARATION OF MISTY PERRY ISAACSON IN SUPPORT THEREOF**
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **09/07/2023** (*date*), I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**     efile@ch13ac.com
- **Caroline Djang**     cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Richard L. Sturdevant**     rich@bwlawcenter.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **09/07/2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Mark D. Houle
3420 Twelfth St., Suite 325
Riverside, CA 92501

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/07/2023 | **Misty Perry Isaacson** | **/s/ Misty Perry Isaacson** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PPI Law
1851 E. First St.
Suite 700
Santa Ana, CA 92705
(714) 541-6072